UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL PIZARRO | : | |
| v. | : | NO.: |
| INTERNATIONAL PAPER COMPANY | : | **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

### *Parties*

1. Plaintiff, Michael Pizarro, is an adult individual who at all times material to this action resided at and continues to resides at 14 Lincoln Avenue, Apt. 108, Clementon, NJ 08021.

2. Defendant, International Paper Company, is a corporation with a place of business located 100 E. Gloucester Pike, Barrington, NJ 08007.

### *Jurisdiction*

3. This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. Section 2601, et seq.

### *Facts*

4. Plaintiff commenced employment with defendant on September 8, 1997 as a Machine operator at defendant's facility in Barrington, Camden County, New Jersey which is located in this judicial district.

5. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it was engaged in commerce and employed 50 or more persons within a 75 mile radius of plaintiff's work location at in Barrington, New Jersey.

7. In about 2002, plaintiff was an eligible employee under the FMLA because he had been employed with defendant for more than one year and he worked at least 1250 hours in the 12 months prior to that date.

8. In about 2002, plaintiff requested intermittent FMLA leave for diabetes, which is a chronic health condition as defined by the FMLA, and which causes intermittent fair-ups including but not limited to occasional painful swelling of plaintiff's feet.

9. Plaintiff renewed his request for intermittent FMLA leave with defendant every year since about 2002.

10. Between December 7, 2018 and December 10, 2018, plaintiff was entitled to take intermittent FMLA for his diabetes pursuant to his most recent renewal of intermittent FMLA leave.

11. As of December 7, 2018, plaintiff had not yet taken 12 weeks of intermittent or other FMLA leave in the previous 12 months.

12. On Friday, December 7, 2018 at 3:00 am plaintiff commenced a 12 hour work shift for defendant ending at 3:00 pm on Friday, December 7, 2018.

13. Plaintiff called out for a "FMLA day" on for his next scheduled shift which was to commence on Saturday, December 8, 2018 at 3:00 AM and was to end on Saturday, December 8, 2018 at 3:00 PM, because his feet were swollen and painful that day.

14. Plaintiff's next scheduled work shift with defendant was to begin at 3:00 PM on Monday December 10, 2018, so plaintiff was always scheduled for 48 hours of time off prior to the December 10, 2018 shift.

15. Plaintiff was pre-scheduled for a trip to Dallas, Texas during the aforementioned 48 hour break from work, and he planned to fly to Dallas from Philadelphia leaving at 8:25 PM on the evening of Saturday, December 8, 2018 to attend a football game in Dallas, Texas on Sunday, December 9, 2018.

16. Plaintiff, who had more than 24 hour rest before his scheduled departing flight, was feeling much better and was able to get to the airport and take the said planned flight to Dallas, Texas.

16. On Sunday December 9, 2018, plaintiff was feeling well enough to attend the football game in Dallas, Texas.

17. Plaintiff planned to take a return flight from Dallas back to Philadelphia leaving Dallas at 6:00 AM and arriving in Philadelphia at about 11:00 A.M. on Monday, December 10, 2018, so that he could attend his next work shift with defendant which was to begin at 3:00 P.M. that same day.

18. Plaintiff's feet were swollen and painful on the morning of Monday, December 10, 2018, and plaintiff was having trouble getting through the airport in Dallas as a result, so plaintiff called out for another FMLA day that morning before his flight left from Dallas.

19. Plaintiff's next work shift with defendant was scheduled to commence on Tuesday, December 11, 2018 at 3:00 P.M.

20. On the morning of Tuesday, December 11, 2018 at 10:00 A.M., plaintiff went to see his diabetes doctor, who is a health care provider as defined by the FMLA, for his monthly appointment.

21. At the time of the said appointment, plaintiff was given a note from his diabetes doctor excusing him from two work shifts—the shift commencing on Saturday, December 8, 2018 and the shift commencing on Monday, December 10, 2018.

22. On Tuesday, December 11, 2018 when plaintiff arrived for his shift, he was called into the office to meet with Keith (Plant Supervisor), Kim Sutter (HR Representative) and Ed Ratliff (Union Stewart).

23. Prior to plaintiff's arrival at the workplace that afternoon, defendant had received information that plaintiff attended the football game in Dallas, Texas that past weekend.

24. At the said meeting on December 11, 2018, defendant's agents notified plaintiff that he was being suspended pending investigation of his trip to Dallas in light of the fact that he took FMLA leave the day before and the day after his trip.

25. Before leaving the workplace, plaintiff gave defendant the note from his diabetes doctor.

26. Apparently defendant wrongly believed plaintiff had abused his intermittent FMLA leave under the circumstances.

27. On December 12, 2018, while plaintiff was still on suspension, defendant notified plaintiff that he was terminated for allegedly abusing his intermittent FMLA leave.

28. Plaintiff did not abuse his intermittent FMLA leave.

29. Defendant unlawfully terminated plaintiff in violation of the FMLA because plaintiff legitimately took intermittent FMLA leave both before and after his days off from work.

30. Plaintiff acted in good faith at all times material hereto.

31. Plaintiff timely reported the need to take intermittent FMLA leave to defendant at all times material hereto.

32. The fact that plaintiff was feeling well enough to attend a football game during his scheduled days off from work is not medically inconsistent with his inability to work before and after these scheduled days off.

33. Defendant has no medical evidence that plaintiff abused his intermittent FMLA leave.

34. Defendant unlawfully interfered with plaintiff's right to return to work on Tuesday, December 11, 2018 after plaintiff took lawful intermittent FMLA leave on December 7, 2018 and December 10, 2018 for a flare-up of his diabetes.

35. Defendant's proffered reason for plaintiff's termination was based upon a false and medically unsupported belief that plaintiff had abused his FMLA privileges.

36. Defendant violated the FMLA by unlawfully refusing to allow plaintiff to return to work after he took legitimate FMLA protected intermittent leave and for its unlawfully terminating the plaintiff because he took legitimate intermittent FMLA protected leave.

## COUNT 1– Violations of the FMLA

37. Plaintiff incorporates by reference paragraphs 1-36 below.

38. Defendant and its agents violated the FMLA by terminating plaintiff because he exercised his rights under the FMLA and took FMLA protected leave.

39. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for requesting and/or taking FMLA leave.

40. Defendant and its agents violated the FMLA by discriminating against plaintiff for taking FMLA leave.

41. Defendant unlawfully interfered with plaintiff's rights to return to employment after his FMLA protected leave had ended.

42. As a direct result of defendant's unlawful conduct as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost back pay, lost future earnings, lost bonuses, lost benefits and other financial losses.

43. Plaintiff has engaged in great efforts to mitigate his damages by searching for new employment, but he has been unsuccessful in his efforts to find new employment to date.

44. Plaintiff is entitled to recover liquidated damages in the same amount as actual damages due to defendant's intentional and knowing bad faith violations of the FMLA.

45. Plaintiff is entitled to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

46. Plaintiff is entitled to reinstatement of employment.

WHEREFORE, Plaintiff demands that judgment be entered in his favor against defendant for lost back pay, lost future earning, liquidated damages, reasonable attorneys' fees, costs, reinstatement of his employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Dion & Goldberger
1845 Walnut Street, Suite 1199
Philadelphia, PA 19103
(215) 546-6033
Fax (215) 546-6269
Email: samueldion@aol.com

Date: February 8, 2019